CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 16, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

Joshua Adam Cordle,                          )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )      Civil Action No. 7:25-cv-00682
                                             )
Heather Greear *et al.*,                     )
                                             )
                    Defendants.              )

## MEMORANDUM OPINION AND ORDER

Plaintiff Joshua Adam Cordle, an incarcerated individual proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Cordle complains that he was denied suboxone in violation of his constitutional rights. (Dkt. 1.) He named two Defendants to this action: Heather Greear, a nurse that treated him; and Debi S. Jones, an administrative assistant. (*Id.*) Defendant Greear filed an answer to the complaint, (Dkt. 14), and Defendant Jones filed a motion to dismiss, (Dkt. 15). Because Cordle's allegations against Defendant Jones do not indicate a viable § 1983 claim and because he concedes that she should be dismissed, the court will grant the motion to dismiss.

### I.    Background

Cordle's complaint names Jones as a Defendant in the caption of the case, but he asserts no facts relating to any of her actions or inactions. In response to the motion to dismiss, Cordle reiterates the factual allegations against Defendant Greear, but as to Defendant Jones he states that he has "no quarrel with" her, (Dkt. 18 at 2), and that he only added her

- 1 -

"because I was erroneously told I needed to." (*Id.*)  He requests that the case move forward as to Defendant Greear.  (*Id.*)  The case will proceed as to Defendant Greear.

## II.    Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)).  In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III.    Analysis

Dismissal of a defendant is warranted when the complaint fails to identify any of their actions or inactions. To state a viable claim pursuant to 42 U.S.C. § 1983, a "plaintiff must plead that each Government-official defendant, through the Official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff must show direct personal involvement by each defendant. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations"). Further, a viable § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Dismissal is appropriate when defendants are referenced only in the caption of the case. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant . . . the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

As stated above, the complaint does not mention Defendant Jones except in the case caption. Cordle does not oppose the dismissal of Defendant Jones, asking only that the case proceed against Defendant Greear.

### IV.    Conclusion and Order

For the above-stated reasons, the court **GRANTS** Defendant Jones's motion to dismiss, (Dkt. 15), and **DISMISSES** her from this action without prejudice.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Cordle.

**IT IS SO ORDERED**.

**ENTERED** this 16th day of March, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE